Matter of Attorneys in Violation of Judiciary Law § 468-a (Obidairo) (2025 NY Slip Op 06241)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Obidairo)

2025 NY Slip Op 06241

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

PM-259-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Thomas Simeon Olusegun Obidairo, Respondent. (Attorney Registration No. 4259800.)

Calendar Date:October 20, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Powers, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Thomas Simeon Olusegun Obidairo, Federal Capital Territory, Nigeria, respondent pro se.

Motion by respondent for an order reinstating him to the practice of law following his suspension by May 2019 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1744 [3d Dept 2019]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to August 8, 2025 and the October 16, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, we have determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Notwithstanding his satisfaction of the substantive requirements for reinstatement, we direct respondent to (1) demonstrate his completion of six continuing legal education credits in the areas of Skills and/or Law Practice Management (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [d], [e]) that specifically relate to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]; (2) demonstrate his completion of one credit in the area of Ethics and Professionalism (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c]); and (3) provide proof of his compliance with this condition to both this Court and the Attorney Grievance Committee for the Third Judicial Department within 60 days of this Court's order. Accordingly, it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the conditions set forth in this decision.
Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Powers, JJ., concur.